IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRUCE L. HENRY,

                Plaintiff,

vs.                                          Case No. 22-3083-SAC

AVERY ELOFSSON,

                Defendant.

**O R D E R**

Plaintiff, pro se, has filed this action under 42 U.S.C. § 1983 in forma pauperis.[1] This matter is before the court for purposes of screening under 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. Section 1915 directs the court to dismiss an in forma pauperis action if the court determines that the action fails to state a claim for relief. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant,

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.[2]  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.  Khalik v.

---

[2] The court may also consider exhibits attached to a complaint.

2

United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation will vary with the constitutional provision at issue." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted). Liability also depends upon on an individual defendant's personal involvement in the constitutional violation. Id.

## II. The complaint

Plaintiff appears to allege that false arrest warrants have been issued against him, and that he has been arrested and is being prosecuted on the basis of a false arrest warrant. He asks that the case against him be "dropped." He also asks that he not be prosecuted in the future for failure to register. The complaint does not expressly state what role defendant Elofsson has played either in plaintiff's prosecution or the issuance of the arrest warrants. The complaint simply identifies Elofsson as an Assistant District Attorney for Sedgwick County.

## III. Screening

Under the facts currently alleged in the complaint, the court does not have jurisdiction to direct that a state court prosecution against plaintiff be dropped. The Tenth Circuit has held that,

under the Younger abstention doctrine,[3] this court must abstain from taking action under the following conditions:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997). In Goings v. Sumner County Dist. Attorney's Office, 571 Fed.Appx. 634, 638-39 (10th Cir. 2014), the Tenth Circuit made clear that when these conditions are satisfied and no exceptional circumstances are established to overcome the bar of Younger abstention, abstention is mandatory.[4] See also Brown ex rel. Brown v. Day, 555 F.3d 882, 888 (10th Cir. 2009). This court has applied the Younger abstention doctrine in many similar cases to dismiss actions seeking intervention in state criminal prosecutions. E.g., Hambright v. State of Kansas, 2022 WL 251995 (D.Kan. 1/27/2022); Kabutu v. Short, 2021 WL 5906037 (D.Kan. 12/14/2021); Cheatham v. Thompson, 2021 WL 4206332 *2-3 (D.Kan. 9/16/2021).

---

[3] See Younger v. Harris, 401 U.S. 37 (1971).

[4] "Exceptional circumstances" exist: 1) when the plaintiff makes a showing of bad faith or harassment by prosecuting officials; 2) where the state law or regulation to be applied is flagrantly or patently in violation of the Constitution; or 3) other extraordinary circumstances exist creating a threat of great and immediate irreparable injury. Phelps v. Hamilton, 59 F.3d 1058, 1064 (10th Cir. 1995).

In addition, plaintiff's claim for injunctive relief against future charges is not adequately stated. To allege "an actual case or controversy" involving injunctive relief over which this court may exercise jurisdiction, plaintiff must allege facts demonstrating that he is in immediate danger of sustaining some direct injury because of the challenged official conduct. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). The threat of injury must be real and immediate, not conjectural. Id. at 102. Plaintiff has failed to describe circumstances which show that he has standing to litigate a claim for injunctive relief against future charges for failure to register. A showing of past wrongs alone insufficient. Id. at 102-03; see also Barney v. Pulsipher, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998).

IV. Conclusion

For the above-state reasons, the court shall grant plaintiff time until June 9, 2022 to show cause why this case should not be dismissed without prejudice or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 10th day of May 2022, at Topeka, Kansas.

        s/Sam A. Crow_____
        U.S. District Senior Judge